IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. A-08-CR-422 (LY) |
| JOHNNY DOUGLAS WALKER | § | |

**MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Johnny Walker, the Defendant, by and through his undersigned counsel, and respectfully moves to dismiss the charge against him and would show the Court as follows:

**I. TITLE 18 U. S. C. §§921(a)(20) and 922(g)(1) ARE VAGUE, UNCERTAIN AND IN VIOLATION OF THE UNITED STATES CONSTITUTION FIFTH AMENDMENT DUE PROCESS CLAUSE.**

Defendant is currently charged with the offenses of Felon in Possession of a Firearm and Ammunition, under 18 U.S.C. § 922(g)(1). In the indictment, it is alleged that Defendant has at least one prior conviction punishable for a term exceeding one year.

According to 18 U.S.C. §921(a)(20), which defines a "crime punishable by imprisonment for a term exceeding one year,"

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.

Under Texas Penal Code §46.04, an individual who successfully completed their probation or been released from confinement may possess firearms after five years have passed from the end of that probation or confinement or mandatory supervision, and Defendant had been released from confinement, mandatory supervision, and/or probation on all of his prior convictions for more than 5 years. Therefore, under Texas law these convictions should not be counted against the Defendant as predicates for an offense under §922(g)(1).

The discovery in this case indicates that the United States will offer California convictions that are all past the five year time period. Under California law there is apparently no five year rule. California Penal § 12020, 12021. 12071, 12072. Thus, Mr. Walker might be allowed to possess firearms in Texas, but not in California.

Federal gun law has been interpreted by federal courts as meaning a state's determination of an offense being a juvenile adjudication or an adult conviction should control the matter for federal statutes. *United States v. Walters*, 359 F.3d 340 (4th Cir. 2004). In *Walters*, the Fourth Circuit found that cases defined as juvenile adjudications under Virginia law could not serve as the underlying convictions for the purposes of §922(g)(1). However, such a finding is in conflict with the federal definition of a juvenile under 18 U.S.C. §5301. In addition, it does not allow for the fair application of federal statute across the United States, as different states have different standards of what is considered a juvenile offense. Under the reasoning of *Walters*, if a state decided to consider all crimes committed by individuals above the age of 8 adult convictions, they would be considered convictions under §921(a)(20). The haphazard application of when

a person is considered an adult for the purposes of a conviction is clearly a violation of the Due Process Clause in the Fifth Amendment, and only the establishment of a national federal determination of which offenses are considered to have been committed as adults can satisfy due process.

The current scheme is vague, uncertain and a denial of due process under the United States Constitution Fifth Amendment

## II.    IT IS A DENIAL OF DUE PROCESS NOT TO APPLY THE ENTIRE STATE LAW REGARDING FELON IN POSSESSION OF A FIREARM.

Under Texas Penal Code §46.04, an individual who successfully completed their probation or been released from confinement may possess firearms after five years have passed from the end of that probation or confinement or mandatory supervision, and Defendant had been released from confinement, mandatory supervision, and/or probation on all of his prior convictions for more than 5 years. Therefore, these convictions even though from California should not be counted against the Defendant as predicates for an offense under §922(g)(1). If the law of the united States is going to look to state law to determine what is usable as a predicate offense then it should look to the entire state law.

Alternatively, if the law of the United States is going to look to state law to determine what is usable as a predicate offense then it should look to the entire state law. In Texas that would mean Mr. Walker would be allowed to possess a firearm.

## III. THE INDICTMENT DOES NOT GIVE ADEQUATE NOTICE OF THE PRIOR CONVICTIONS.

The indictment fails to give notice of the offense which the government intends to rely on at trial. It is a denial of due process under the United States Constitution Fifth Amendment not to state the offense that it alleged to be the predicate offense.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this motion be in all things granted.

Respectfully submitted,

/s/ Stephen M. Orr
STEPHEN M. ORR
ORR & OLAVSON
804 Rio Grande St.
Austin, Texas 78701
(512) 472-8392
Fax (512) 473-8417
Texas Bar No. 15317000

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of July, 2009, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court, using the CM/ECF System which will transmit notification of such filing to all counsel of record.

Mark Lane
AUSA
816 Congress Ave., Suite 1000
Austin, Texas 78701

/s/ Stephen M. Orr
STEPHEN M. ORR

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| VS. | § | NO. A-08-CR-422 (LY) |
| | § | |
| JOHNNY DOUGLAS WALKER | § | |

## O R D E R

On this date came on to be considered Defendant's Motion to Dismiss and Incorporated Memorandum of Law and said Motion is hereby:

(GRANTED) (Denied).

SIGNED this _____ day of _____, 2009.

_____
UNITED STATES DISTRICT JUDGE