UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | NO. A-08-CR-422 LY |
| **JOHNNY DOUGLAS WALKER** | § | |
| **aka JOHNNY WALKER** | § | |
| **aka JOHN DOUGLAS NELSON** | § | |
| **WALKER** | § | |
| **aka JOHN D. WALKER** | § | |
| | § | |
| **Defendant.** | § | |

**BRIEF OF THE UNITED STATES:
CONSTITUTIONALITY OF 18 U.S.C. § 922(g)(1)**

Defendant Johnny Douglas Walker filed a motion to dismiss the indictment in the instant case on grounds that 18 U.S.C. § 922(g)(1) is unconstitutional in light of Texas law and unconstitutional as applied in the indictment (Doc. 47). The Court denied the motion without prejudice (Doc. 53). With the belief that the Defendant may assert the same arguments at trial, the United States through the undersigned Assistant United States Attorney files this trial brief asserting that 18 U.S.C. § 922(g)(1) is constitutional and that the indictment is valid.

**A.  18 U.S.C. § 922(g)(1) Is Constitutional**

In the motion to dismiss the indictment (Doc. 47), the Defendant argues that under Texas law, his convictions should not be counted as predicates under 18 U.S.C. § 922(g)(1), which prohibits convicted felons from possessing firearms. Mot. to Dismiss, p. 2. The Defendant points the Court to Texas Penal Code § 46.04 which provides that an individual may possess a firearm after the fifth anniversary of the individual's release from confinement following a felony conviction or

the individual's release from supervision, parole, or mandatory supervision, whichever date is later.[1] *Id.* The Defendant asserts that because federal courts interpret federal gun laws by looking at underlying state law convictions, 18 U.S.C. § 922(g)(1) is unconstitutionally vague. He also asserts that as a matter of law he cannot be convicted under 18 U.S.C. § 922(g)(1) because of Texas Penal Code § 46.04. *Id.* at 3. Under well-established precedent, the Defendant's arguments fail.

Under 18 U.S.C. § 921(a)(20), a conviction which has been expunged, or set aside, or for which a person has been pardoned or has had his civil rights restored shall not be considered a conviction for purposes of the federal gun laws (the exemption clause). In *United States v. Huff*, 370 F.3d 454 (5th Cir. 2004), the United States Court of Appeals for the Fifth Circuit examined how to apply the exemption clause. *See also Beecham v. United States*, 511 U.S. 368, 374 (1994) (finding that the exemption clause is "unambiguous"). Specifically, the Court outlined a test for determining when a state had restored someone's civil rights. *Huff*, 370 F.3d at 459. The court made clear that a Defendant "bears the burden of proof on any claim" that he "had had his civil rights affirmatively restored." *Id.* at 458.

The first option under *Huff* is for the Defendant to show that the state provided a generalized restoration of his civil rights. *Id.* at 459 (explaining that the Louisiana Constitution provides an express and general restoration of rights to all convicted citizens after termination of state or federal supervision). The court noted in *Huff* that Texas "has no such generalized express restoration of civil rights." *Id.* The second option is for a Defendant to show that "under state law the convicted felons could exercise the rights to vote, serve on a jury or hold public office." *Id.* "These three

---

[1] This provision only allows the convicted felon to possess the firearm at the location where the felon lives. The United States acknowledges that the firearms at issue in the instant case were possessed by Defendant Walker in his home.

rights are the fundamental civil rights in this context." *Id*. at 462.  Again, the court noted that Texas does not restore these three rights to convicted felons.  *Id.* at 459.

In *United States v. Davis*, 2007 WL 4258646 (N.D. Tex. Dec. 4, 2007) (unpublished), the Northern District of Texas applied *Huff* to a motion to dismiss that was very similar to the one filed by Defendant Walker.  The defendant in *Davis* asserted that Texas Penal Code § 46.04 prevented his conviction under 18 U.S.C. § 922(g)(1).  *Id.* at *1.  The Court found that the defendant's right to serve on a jury and run for public office had not been restored.  *Id.* at *2.  Therefore, applying *Huff*, his rights had not been restored under 18 U.S.C. § 921(a)(20).  As a result, the court denied the motion to dismiss.  *Id.*

In the instant case, Defendant Walker's convictions are not exempt under 18 U.S.C. § 921(a)(20).  He is not asserting that the convictions have been expunged, set aside, or that he has been pardoned.  And, as defined by *Huff*, his rights have not been restored.  As explained above, there is no generalized restoration of rights in Texas, and Texas has not restored the three fundamental civil rights as defined in *Huff*.  Likewise, as explained above, no court has found that 18 U.S.C. § 922(g)(1) is unconstitutionally vague.  In contrast, the Fifth Circuit has developed a logical mechanism for determining when a conviction is valid under the statute.  Therefore, the indictment should not be dismissed.

### B.  The Indictment Provides Adequate Notice

Without citing any authority, Defendant Walker asserts in his motion to dismiss (Doc. 47) that the indictment in the instant case violated the Fifth Amendment's Due Process Clause because it did not state the offense which the United States intends to rely on at trial.  Mot. to Dismiss, p. 4.  Under Fed. R. Crim. P. 7(c), an indictment "must be a plain, concise, and definite written statement

of the essential facts constituting the offense charged." This standard is met where the indictment alleges "every element of the crime charged and in such a way as to enable the accused to prepare his defense and to allow the accused to invoke the double jeopardy clause in any subsequent proceeding." *United States v. Gonzales*, 436 F.3d 560, 569 (5th Cir. 2006); *see also United States v. Vidaure*, 861 F.2d 1337, 1341 (5th Cir. 1988). The indictment in the instant case included the essential elements and provided enough information for Defendant Walker to invoke the double jeopardy charge. In addition, Defendant Walker has been provided discovery that includes a list of his felony convictions. For these reasons, the indictment should not be dismissed for its failure to specify a specific predicate felony offense.

    Respectfully submitted,

    JOHN E. MUPRHY
    Acting United States Attorney

By   /s/
    Jennifer S. Freel
    Assistant United States Attorney
    816 Congress Avenue, Suite 1000
    Austin, TX 78701
    Tel: 512/916-5858
    Fax: 512/916-5855
    Texas State Bar No. 24051327

CERTIFICATE OF SERVICE

      I hereby certify that on the 24th day of July 2009, a true and correct copy of the forgoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the following CM/ECF participant:

Stephen M. Orr  
Orr & Olavson, PC  
804 Rio Grande Street  
Austin, Texas  
Attorney for Johnny Douglas Walker

                                        /s/_____  
                                        JENNIFER S. FREEL  
                                        Assistant United States Attorney